IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STEPHEN BENNETT, ) | |
| AIS 274594, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:20-cv-715-ECM-JTA |
| ) | |
| WARDEN BALDWIN, ) | |
| ) | |
| Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* Plaintiff Stephen Bennett filed this action on September 8, 2020. Doc. No. 1. By Order of September 14, 2020, the Court granted Plaintiff *in forma pauperis* status and specifically instructed Plaintiff to provide notice within ten days following any address change. Doc. No. 3 at 4. Plaintiff further was informed that failure to so report a change of address would result in a dismissal of this case. *Id.* at 4. On October 21, 2020, the Court entered an order of procedure containing the same directives. Doc. No. 7 at 2–3. The docket reflects Plaintiff received copies of these Orders.

The Court recently determined that Plaintiff is no longer located at his most recent service address of record.[1] Accordingly, by Order of March 17, 2023, Plaintiff was directed to file—by March 27, 2023—a current address or show cause why this case should not be dismissed for his failures to comply with the orders of the Court and to adequately

---

[1] *See* http://doc.state.al.us/InmateSearch (last visited April 6, 2023). Plaintiff's service address on record with the Court is the Limestone Correctional Facility. *See* Doc. No. 1.

prosecute this action. Doc. No. 51. The March 17, 2023, Order specifically informed Plaintiff the administration of this case could not proceed if his whereabouts remained unknown and cautioned him his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff has not filed a response or otherwise complied with the Court's March 17, 2023, Order.

The authority to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.; *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that as a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, the undersigned Magistrate Judge RECOMMENDS that this case be DISMISSED without prejudice.

It is ORDERED that by **April 21, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or

general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 6th day of April, 2023.

/s/ Jerusha J. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE